Roderic A. CARUCCI, Petitioner.

v.

The PEOPLE of the State of
Colorado, Respondent,

No. 01PDJ071.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

Jan. 4, 2002.

Attorney Regulation. The Presiding Disciplinary Judge and Hearing Board reinstated Roderic A. Carucci to the practice of law effective January 4, 2002.

Opinion by the Presiding Disciplinary Judge, ROGER L. KEITHLEY and Hearing Board members FRANCES L. WINSTON, a member of the public, and FREDERICK Y. YU, a member of the bar.

### ORDER RE: REINSTATEMENT PURSUANT TO C.R.C.P. 251.29(j)

*ATTORNEY REINSTATED*

This reinstatement matter was heard on November 7, 2001, pursuant to C.R.C.P. 251.29(b) and (c) before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Frances L. Winston, a member of the public, and Frederick Y. Yu, a member of the bar. Gregory G. Sapakoff, Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People") and Roderic A. Carucci ("Carucci") appeared *pro se*. Terry Thomas testified on behalf of Carucci, who also testified on his own behalf. Carucci's exhibits 1, 2 and 3 were admitted into evidence by stipulation.

The PDJ and Hearing Board reviewed the Petition for Reinstatement and Response thereto, considered the testimony and exhibits admitted, assessed the credibility of the witnesses, and made the following findings of fact which were established by clear and convincing evidence.

### I. FINDINGS OF FACT

The misconduct giving rise to Carucci's suspension arose from a reciprocal discipline action brought pursuant to C.R.C.P. 251.21 from the State of Nevada. On March 8, 1999, the Supreme Court of Nevada entered an order suspending Carucci from the practice of law for three months and imposed upon Carucci a fine of $5,000. *In re: Disci-*

*pline of Roderic A. Carucci,* No. 32494, 24 P.3d 234 (Nev.1999), 1999 Nev. LEXIS 22. Carucci's suspension arose out of his creating duplicate false tax returns which grossly overstated his income for the years 1992 and 1993, and submitting them to a lender in order to secure a large loan for the purchase of a yacht. Subsequently, Carucci attempted to deceive the Northern Nevada Disciplinary Panel while under oath by not telling the truth while under examination. Carucci's misconduct violated Nevada Rule of Professional Conduct, ("Nev.S.C.R.") 203(3).[1]

The Office of Attorney Regulation Counsel brought a reciprocal discipline action, *People v. Carucci,* Case No. 99PDJ062, 2001 WL 1160855, based on Carucci's misconduct in the State of Nevada. The parties submitted a Conditional Admission of Misconduct which was approved by the PDJ and made an Order of court on August 13, 1999. Carucci's conduct in the State of Nevada violated Colorado Rule of Professional Conduct 8.4(c)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, deceit, fraud or misrepresentation) and, under Colorado law, warranted a one year and one day period of suspension. The term of suspension commenced September 13, 1999. Carucci filed a Petition for Reinstatement on July 16, 2001,[2] and tendered the cost deposit of $500 pursuant to C.R.C.P. 251.29(i).

Terry Thomas, Carucci's law partner in general civil litigation practice, has daily contact with Carucci. Thomas has personal knowledge of the misconduct giving rise to the disciplinary proceeding in Nevada and subsequent reciprocal discipline in Colorado. He testified that Carucci is a very capable lawyer and has been involved in some difficult cases in federal court. Carucci is considered to be honest while providing vigorous representation to his clients, and is respected and thought of as an honest and forthright lawyer with integrity by the legal community. He is extremely diligent and gives generously of his time to *pro bono* services in his community. Carucci consults with Thomas on important matters, both professional and personal, including the purchase of his home. Carucci asked Thomas to double-check the accuracy of loan documents he has filled out. Carucci is now extremely careful with record keeping. Thomas testified that Carucci was remorseful about his prior misconduct and is determined to prevent its recurrence.

Carucci has complied with all applicable disciplinary orders. Pursuant to C.R.C.P. 251.28(d), following his suspension from the practice of law in Colorado, Carucci filed an affidavit with the Colorado Supreme Court on September 13, 1999, affirming that, at the time of his suspension, he had no clients or pending cases in the State of Colorado. Pursuant to the Order Approving Conditional Admission, Carucci timely paid costs and expenses in the amount of $54.37 arising from the disciplinary action.

Following Carucci's three-month suspension in Nevada, he was automatically reinstated to the practice of law commencing March 8, 1999. He resumed the practice of law on June 8, 1999. He has been actively engaged in the practice of law in Nevada from that date to the present. Carucci is currently a member in good standing with the State Bar of Nevada. There have been no disciplinary complaints against him since his resumption of practice in Nevada.

For over three years, Carucci has contributed his services to the legal community by participating as an arbitrator on the Nevada State Bar Fee Dispute Panel. He has rendered numerous hours of *pro bono* service to indigent clients through the Volunteer Lawyers of Washoe County.

In addition to his active practice since June 9, 1999, Carucci has maintained his professional legal competence through continuing legal education courses in Nevada, which he personally attended. He has met Nevada's continuing legal education requirements. Carucci regularly reads the advance sheets from the courts to inform himself of developments in the law.

---

1. Nev. S.C.R. 203(3) provides in part: "It is professional misconduct for a lawyer to [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."

2. A hearing was previously set in this matter on September 12, 2001. World events prohibited Carucci from flying from Nevada to Colorado to attend the reinstatement hearing and it was continued.

Carucci has no record of illegal drug use or history of alcohol abuse. He does not suffer from any physical or mental illnesses. He has had no claims of malpractice brought against him and has had no fee disputes with clients. Carucci acknowledges the misconduct giving rise to his suspension and takes full responsibility for his errors. He admits that he engaged in dishonesty by creating false tax returns in order to secure a large loan. He is determined to not engage in misconduct again. He is careful and scrupulous in all his dealings, financial and otherwise.

## II. CONCLUSIONS OF LAW

Roderic A. Carucci was licensed to practice law in the State of Colorado on July 8, 1992, attorney registration number 21588. He is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

C.R.C.P. 251.29(c) states in relevant part that a petition for reinstatement must set forth:

(3) The facts other than passage of time and absence of additional misconduct upon which the petitioning attorney relies to establish that the attorney possesses all of the qualifications required of applicants for admission to the Bar of Colorado, fully considering the previous disciplinary action taken against the attorney;

(4) Evidence of compliance with all applicable disciplinary orders and with all provisions of this Chapter regarding actions required of suspended attorneys;

(5) Evidence of efforts to maintain professional competence through continuing legal education or otherwise during the period of suspension.

■ In addition to the requirements set forth above, in order to determine whether the attorney applying for reinstatement has been rehabilitated, the PDJ and Hearing Board must consider the factors set forth in *People v. Klein,* 756 P.2d 1013, 1016 (Colo. 1988). These factors include the petitioner's state of mind and professional ability, including character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, present business pursuits, personal and community service, and the petitioner's recognition of the seriousness of his previous misconduct. "[T]he analysis of rehabilitation should be directed at the professional or moral shortcoming which resulted in the discipline imposed." *People v. Goff,* 35 P.3d 487 (Colo. PDJ 2000), 2000 Colo. Discipl. LEXIS 7.

■ Since June 9, 1999, when Carucci resumed his law practice in Nevada, he has practiced law without further incident. He is a trusted and respected member of the legal community in Nevada. Through his *pro bono* services to indigent clients, he provides a benefit to his community. In addition to his active practice, Carucci has maintained his professional competence through continuing legal education courses in both Nevada and Colorado, and through the regular reading of slip opinions.

Carucci has complied with all applicable disciplinary orders and with all provisions of The Colorado Rules of Professional Conduct: he timely paid the costs arising from the underlying disciplinary proceeding as well as the costs of filing the Petition for Reinstatement, and he timely filed the required affidavit following his suspension pursuant to C.R.C.P. 251.28(d).

Carucci demonstrated a willingness to acknowledge the seriousness of his misconduct. He has taken practical steps to address his misconduct and prevent any recurrence. He is a dedicated father and respected member of the legal community. The PDJ and Hearing Board are satisfied that Carucci has complied with all applicable disciplinary orders and with all provisions of the Colorado Rules of Professional Conduct, has made efforts to maintain professional competence through his practice in Nevada and continuing legal education during the period of suspension, and has established the factors set forth under *Klein* and *Goff, supra.* Carucci has established by clear and convincing evidence that he is rehabilitated.

## III. ORDER OF REINSTATEMENT

It is therefore ORDERED:

RODERIC A. CARUCCI, attorney registration no. 21588 is REINSTATED to the practice of law in the State of Colorado. Pursuant to C.R.C.P. 251.27(g) the effective date of reinstatement shall be twenty-one (21) days from the date of this Order, January 24, 2002.